UNITED STATES FIDELITY & GUARANTY CO. v. UNITED STATES
ex rel. BARTLETT.

UNITED STATES ex rel. BARTLETT v. UNITED STATES FIDELITY
& GUARANTY CO. et al.

(Circuit Court of Appeals, Second Circuit. May 8, 1911.)

No. 269.

1. UNITED STATES (§ 67*)—BONDS OF CONTRACTORS FOR PUBLIC WORK—CONSTRUCTION—"PROSECUTION OF THE WORK."

A bond given by a contractor with the United States for the construction of a riprap breakwater, and conditioned as required by Act Aug. 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), for the payment by the contractor of persons "supplying him with labor or materials in the prosecution of the work," covers the claims of laborers employed by him in quarrying the stone used and in transporting it to the breakwater, regardless of whether the work was done near by or at a distance.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*]

2. ASSIGNMENTS (§ 31*)—MODE AND SUFFICIENCY.

Where plaintiff furnished supplies to laborers employed by a contractor for public work, under an arrangement that the amount of the accounts should be paid by the contractor and deducted from the wages of the men, the approval of such accounts by the men after the wages were earned was a sufficient assignment to support an action by plaintiff against the contractor and the sureties on his bond.

[Ed. Note.—For other cases, see Assignments, Dec. Dig. § 31.*]

3. ACTION (§ 12*)—DEFENSES—DELAY IN COMMENCING.

The defense of laches, not amounting to that of limitation, is not available in an action at law.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 12.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action at law by the United States, on the relation of Frank P. Bartlett, against the United States Fidelity & Guaranty Company. Judgment for relator, and defendant brings error. Affirmed.

Writ of error to review a judgment of the Circuit Court, Southern District of New York, in favor of the defendant in error which was the plaintiff below.[1] In the statement and opinion following the parties will be designated as in the Circuit Court and although the United States is the nominal plaintiff the person for whose use and benefit the action was brought —Frank P. Bartlett—will be called the plaintiff.

The plaintiff sued John F. Donovan (who, however, was not summoned) as principal and the defendant as surety upon a contractor's bond given pursuant to Act Aug. 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), to recover upon assigned claims of laborers for services rendered at a quarry in Sachems Head, Conn., in getting out stone to be used under a contract between said Donovan and the United States for constructing a riprap breakwater extending out from the shore of Point Judith, R. I. The particu-

[1] A cross writ of error was also taken by the plaintiff to review the judgment because it did not include interest, but such writ of error was abandoned upon the hearing in this court and may be dismissed.

lar provision of the bond upon which the plaintiff based his right of recovery is as follows:

"Now, therefore, if the above bounden John F. Donovan * * * shall promptly make full payments to all persons supplying him labor or materials in the prosecution of the work provided for in the contract the above obligation shall be void and of no effect; otherwise to remain in full force and effect."

The following are among the facts which were not disputed upon the trial:

The contract was made in the name of said Donovan who, however, did not own any plant and who made an arrangement with the firm of Hughes Bros. & Bangs—with whom he was connected—to do the work in his name.

The stone used in the performance of the contract was quarried at Sachems Head, Conn., and was thence taken by water to Point Judith, some 50 or 60 miles distant.

The plaintiff furnished supplies for the laborers at the quarry under an arrangement with Donovan that the amounts of their respective monthly accounts should be deducted from the payroll; and at the end of each month the accounts with such deductions were submitted to the men and were approved by them.

The laborers employed at the quarry engaged in the pursuits and operations necessary to the operation of a quarry including the loading of the stone on barges and scows.

When the scows were loaded they were towed to Point Judith and the stone was there dumped on the breakwater.

The principal contentions of the defendant upon this writ of error as stated in its brief are as follows:

(1) The terms of the bond do not warrant a recovery for the labor employed in operating the quarry because the contract provides only for the furnishing and placing of the stone in a breakwater 50 miles distant therefrom.

(2) No assignment of the men's wages was shown sufficient to sustain an action at law;

(3) The plaintiff's claim was fraudulent;

(4) The trial court erred in the rulings upon evidence.

Leonidas Dennis (Emanuel J. Myers and Gordon S. P. Kleeberg, of counsel), for United States Fidelity & Guaranty Co.

Edward W. Norris (H. L. Cheyney, of counsel), for F. P. Bartlett.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). [1] The labor required in getting out the stone at the quarry and loading it for transportation was undoubtedly the principal element in "the work to be done" under the contract. Most of the stone was merely dumped upon the breakwater. The labor there was inconsiderable. If, then, the bond cover only labor at the breakwater, it affords no protection to the men who in reality contributed most to the work. And if the statute leave such laborers without protection, it discriminates against them in favor of material men, for there can be no question that a claim of a sub-contractor for stone (in which labor would be the principal element of cost) used in a public work, would come within its provisions.

In our opinion the statute should receive no such narrow construction. As said by the Supreme Court of the United States in Hill v. American Surety Co., 200 U. S. 197, 204, 26 Sup. Ct. 168, 170, 50 L. Ed. 437:

"Language could hardly be plainer to evidence the intention of Congress to protect those whose labor or material has contributed to the prosecution of the work."

We find nothing in the statute to support the contention made in this case that the bond given in accordance with its provisions covered only the labor performed at the breakwater itself. Had there been a quarry at the shore end of the breakwater and had the stone been wheeled out from such quarry in wheelbarrows and dumped, it could hardly be claimed that the laborers who got out the stone or hauled it were not engaged in the prosecution of the work. And the fact that a quarry might be 50 miles instead of 50 yards away from the dumping place should make no difference. We think that the bond in question covered the labor which the contractor was obliged to furnish to fulfill his contract with the government whether it was performed at the particular place where the stone was finally placed or elsewhere; that the quarrying of the stone, its transportation and dumping should be regarded as a continuous operation contributing in its entire progress to the prosecution of the work. We therefore hold that the instruction of the trial court that the labor at the quarry "was work done in the prosecution of the work" was correct and within the principle of the decisions in Hill v. American Surety Co., supra, as well as in City Trust Co. v. United States, 147 Fed. 155, 77 C. C. A. 397, Guaranty, etc., Co. v. Puget Sound Engineering Works, 163 Fed. 168, 89 C. C. A. 618, and American Surety Co. v. Lawrenceville Cement Co. (C. C.) 110 Fed. 717.

The case of Munroe v. Clark (Maine Sup. Ct., 1910) 77 Atl. 696, 30 L. R. A. (N. S.) 82, which the defendant cites and quotes from at length, is not in conflict with, but rather supports, the conclusions we have reached. In that case the court, in speaking of a state lien law, said:

"The distinction is clear. Where one engages to erect a building, or to do certain things in the erection of the building, as, for example, the carpenter work, or the painting, or the plumbing, or the granite work, his employés have liens for their labor in doing these things. And if, in connection with doing these things, he agrees to furnish, and does furnish, the materials, the result is the same. It is not necessary that all of the labor should actually be done on the structure itself. To illustrate: The doors and windows may be made at the shop, the boards may be sawed and planed at the mill, or the iron work done at the blacksmith shop. These processes are all a part of the erection of the building. The work so done, in the contemplation of the statute, is done 'in the erection of a building.' Webster v. Real Estate Improvement Co., 140 Mass. 526, 6 N. E. 71.

"But where one contracts to furnish completed articles for a building, and is to have no part in the erection of the building, his employés have no lien for their labor in preparing and completing the articles. Their labor is in no proper sense performed 'in the erection of the building.' "

In the present case the contractor was not merely to furnish the stone and to have no part in the erection of the breakwater. Like the builder whose laborers worked in shop or mill to get out the material and whose work in the contemplation of the state statute was done "in the erection of the building" this contractor was, under his contract, both to furnish the material and put it in place, and his laborers

who worked to get out such material contributed to the "prosecution of the work" within the meaning of the federal statute.

[2] The second contention of the defendant is that the plaintiff showed only an equitable, as distinguished from a legal, assignment of the laborers' wages. We think this contention without foundation. While the original agreement, made at the time the laborers were employed, may have amounted only to an agreement to assign, the act of the laborers after the wages were earned in going over the accounts and in approving the deductions was sufficient, in connection with the original agreement, to amount to a legal assignment.

[3] The third contention of the defendant is that the plaintiff's claim was a fraud in law because (1) he made an exaggerated and unreasonable demand; (2) his demand was "inextricably confounded" with items for which the surety was not liable, and (3) he was guilty of laches and delay.

With respect to these contentions it is sufficient to say that the defense of laches not amounting to that of the statute of limitations is not available in actions at law; that a person does not forfeit what is due him by demanding more, and that it is not shown that the accounts were "inextricably confounded."

The remaining contentions relate to rulings upon the trial. The admission of the leading questions and the answers thereto was, however, within the discretion of the trial judge and the defendant was not prejudiced by the admission of the statements made by Hughes Bros. & Bangs.

The judgment of the Circuit Court is affirmed.