UNITED STATES, for Use of SAMUEL HASTINGS CO., v. LOWRANCE et al.

(Circuit Court of Appeals, Eighth Circuit. June 28, 1918.)

No. 4924.

1. UNITED STATES ☞67(1)—CONTRACTS—BONDS—CONSTRUCTION.
   Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. 1916, § 6923), as to contractor's bonds to secure materialmen, and bonds given thereunder, must be liberally construed.

2. UNITED STATES ☞67(2)—CONTRACTS—BONDS—CONSTRUCTION—"MATERIAL."
   Bond of contractor, constructing levee under contract with the United States, given under Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. 1916, § 6923), securing payment for labor and material used in prosecution of the work, covered bill for feed furnished for mules used in hauling on and about the work, as "material" used in the work.
   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Material.]

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action by the United States of America, for the use of the Samuel Hastings Company, against W. T. Lowrance and others, composing

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the firm of W. T. & E. M. Lowrance & Co., and others. To review a judgment (236 Fed. 1006) sustaining a demurrer to the complaint, plaintiff brings error. Reversed and remanded.

C. L. Marsilliot, of Memphis, Tenn. (Walter C. Chandler, of Memphis, Tenn., on the brief), for plaintiff in error.

Henry Craft, of Memphis, Tenn., for defendants in error.

Before HOOK, SMITH, and STONE, Circuit Judges.

HOOK, Circuit Judge. This is an action upon the bond of a contractor for prompt payment "to all persons supplying labor and materials in the prosecution" of a public work. Act Aug. 13, 1894, c. 280, 28 Stat. 278, amended by Act Feb. 24, 1905, c. 778, 33 Stat. 811. The contract was for the construction of a levee along the Mississippi river in Eastern Arkansas. The complaint stated that a subcontractor for a part of the work necessarily used a large number of horses and mules in hauling and dumping earth for the embankment, and that the claimant's demand was for hay, grain, salt, and feed furnished for and consumed by the animals while so employed. The trial court held that the materials were not within the statutory bond and sustained a motion to dismiss. 236 Fed. 1006.

[1] The act of Congress and the surety bonds given according to its provisions should be liberally, not narrowly, construed. The typical lien laws of the states and the decisions of the courts upon them should for the most part be put aside. Generally they limit the labor to direct employment on the work and the materials to those which have become constituents of the completed structure. The language of the act of Congress, "labor and materials in the prosecution of the work," is of broader import and embraces much that is not directly reflected or physically discernible in the resulting permanent structure. It is sometimes difficult to determine whether given labor or materials have relation to the object of the contract and the process of its accomplishment sufficiently intimate for protection. Cases vary so greatly that no definite rule of exclusion and inclusion can safely be stated. Much depends upon the character of the public work, the scope of the contract, and the circumstances of its performance. Sometimes the last of these factors is not given its due influence.

The following have been held included: Trucking from a steamer landing on an island where the work was to be done to the particular locality of the work. American Surety Co. v. Lawrenceville Cement Co. (C. C.) 110 Fed. 717. Coal supplied to a contractor and used to operate hoisting and pumping engines employed in the performance of a contract for the construction of a dry dock. City, etc., Trust Co. v. United States, 147 Fed. 155, 77 C. C. A. 397. Drawings and patterns made for the contractor constructing a steam vessel for the United States, from which to make molds and castings; also towing in the delivery of materials, wharfage paid in connection with such delivery, and the local transfer or hauling of materials. Title Guaranty & Trust Co. v. Engine Works, 163 Fed. 168, 89 C. C. A. 618. The case last cited was affirmed by the Supreme Court. Title Guaranty &

Trust Co. v. Crane Co., 219 U. S. 24, 31 Sup. Ct. 140, 55 L. Ed. 72. Use of equipment in the erection of a naval training station. United States v. Illinois Surety Co., 226 Fed. 653, 141 C. C. A. 409. In affirming this case the Supreme Court said:

"The specific objection made to the claim of the United States Equipment Company, for rental of cars, track, and equipment used at the Naval Training Station and the expense of loading the plant and freight thereon to and from the station, is also unfounded. The Surety Company contends that this is not supplying 'labor and materials.' The equipment was used in the prosecution of the work. Material was thus supplied, although, a loan serving the purpose, no purchase of it was made. The expense of loading and freight were properly included with the fixed rental as recoverable under the bond."

Labor in stripping a quarry 50 miles from a breakwater under contract, transportation of the rock, labor of carpenters and blacksmiths in repairing the cars used in the transportation and the tracks upon which the cars moved, also the wages of stablemen who fed and drove the horses which pulled the cars. United States Fidelity Co. v. Bartlett, 231 U. S. 237, 34 Sup. Ct. 88, 58 L. Ed. 200; Id., 189 Fed. 339, 111 C. C. A. 71, as explained in Brogan v. National Surety Co., 246 U. S. 257, 38 Sup. Ct. 250, 62 L. Ed. 703.

[2] In the case at bar the contractors undertook, not only to complete an embankment or levee according to specifications, but also to furnish the necessary "plant" to the satisfaction of a government official; and power was reserved to the latter to employ additional plant, if progress under the contract was not satisfactory. Although the complaint does not set forth the actual situation at the levee, it may be reasonably inferred on a motion to dismiss that the plant to be assembled for the work included teams as well as wagons, scrapers, axes, stump pullers, and the like. Teams brought together for such work are more naturally classified with implements than with workmen, and feed for the teams so employed with fuel for power than with the board of men whom the circumstances of employment leave free to exercise an independent choice. It is said that it would have been necessary to feed the teams, whether they were working or not. But that is not the test, as is shown by Brogan v. National Surety Co. In that case the location of the work made it necessary for the contractor to provide board and lodging for the men on the ground. He did so under an arrangement by which he was to deduct a stated amount monthly from their wages. Protection under the statutory bond was given one who furnished him with groceries and provisions. It was held that the supplies had a proximate relation to performance of the contract work. Though the circumstances of the case before us are not fully stated, we do not think it can be said from the face of the complaint that the furnishing of the feed for the teams was a casual transaction, but indirectly related to the performance of the levee contract. It is averred that the feed was "used and consumed * * * in the prosecution and execution of the earthwork."

The judgment is reversed, and the cause is remanded for further proceedings in conformity with this opinion.