KANSAS CITY to use MISSOURI PACIFIC RAIL-
    WAY   COMPANY,   Appellant,   v.   SOUTHERN
    SURETY  COMPANY,  Respondent.

Kansas City Court of Appeals.   January 26, 1920.

1. **BONDS:** Material and Labor: Freight: Surety.  Where a contrac-
    tor for a cement bridge over a stream in a park gave bond with
    surety for the payment of all material and labor, and a railway
    carrier hauled the material from a distant point to the place
    of construction, a right of action (in the absence of waiver) ac-
    crued to it against the surety on the bond for freight charged for
    transportation.

2. **CONTRACTOR'S BOND:**   Surety:   Carrier's Lien for Freight:
    waiver: Right of Action.  Where a surety on a contractor's bond
    conditioned to pay for all material and labor is sued on the bond
    by a carrier for freight charges, and it is shown that the carrier
    has waived his lien for such charges by surrendering the property
    to the principal in the bond, the action cannot be sustained.

3. ———: Subrogation: Assignment: Carrier.  Distinction between
    subrogation and assignment stated.

Appeal  from  Jackson  Circuit  Court.—*Hon.  Clarence
                    A. Burney,*  Judge.

AFFIRMED.

*Edward J. White* and *Thos. Hackney* for appellant.

*Morrison, Nugent & Wylder* for respondent.

ELLISON, P. J.—Kansas City, Missouri, through
its Board of park Commissioners constructed in one
of its parks a large and expensive concrete bridge over
a small river running through the park.  The contract
for the work was let to a construction company.  It being
therein provided that the company should furnish all
material and should provide all labor, machinery, plants,
tools and appliances for the construction of the bridge
which was estimated to cost $144,943.  The company was

required to give bond with surety in that amount. The bond contained a provision for the payment ''for all material used in the work and improvements done or made, or to be done or made, under said contract and for all labor performed in said work, whether by sub-contract or otherwise.''

There were two counts in the petition, one for $839 assigned to plaintiff, and the other for $2689. Both claims were for freight, under its duly published tariffs, for material hauled by plaintiff for the construction company as well as for demurrage.

Plaintiff brought this action on the bond, to recover the amount of these items of freight and demurrage against the Construction Company and the surety. The surety demurred to the petition on the ground that there was no cause of action and the trial court sustained it, and judgment being entered for defendant, plaintiff appealed. Thus there is presented the question whether the bond covers a carriers claim for freight consisting of material used in building the bridge.

The Surety company was engaged in the business of executing bonds of suretyship for a consideration, yet its liability is not to be extended by implication beyond the limits of the terms of the contract, but in ascertaining the meaning of the language of his obligation and thus determining the extent of his contract, the same rules of construction are to be applied as are applied in the construction of other written contracts, [Kansas City to use v. Youmans, 213 Mo. 151, 166.]

The question to solve by the rule just stated is, whether freight due to a carrier for material shipped with the carrier by the contractor and hauled by the carrier from a distant point to the place of construction and used in the construction of the bridge, is material or labor furnished within the terms of the bond and if so, has plaintiff, by its conduct disabled itself from maintaining the action.

There are many decisions in the federal courts on the subject, thus where the bond was conditioned to pay for ''Labor and materials in the prosecution of the

work," such bond was held to permit recovery by a grocer for groceries furnished to the contractor for boarding his workmen. [Brogan v. National Surety Co., 246 U. S. 257.]

And a claim for towage and cartage is within a bond of that character. [Title Guaranty & Trust Co. v. Crane Co., 219 U. S. 24, 34, affirming s. c. 163 Fed. 168.]

And so is the getting of stone from a quarry 50 miles from where used and transportation thereof in scows. [U. S. Fidelity Co. v. Bartlett, 231 U. S. 237.] See statement of the case and also opinion in same case by the Court of Appeals in 189 Fed. 339.

Likewise is a claim for freight and for rent of cars, track and equipment, together with the expense of loading. [Illinois Surety Co. v. John Davis Co., 244 U. S. 376, 383.]

And a recovery could be had on such character of bond for feed furnished for mules used in hauling to the work. [United States v. Lawrence, 252 Fed., 122.]

In the respect here considered the bond sued on is not substantially different from those involved in the cases cited; and so we think that the mere fact of plaintiff being a carrier and that its action is for freight, should not prevent a charge for freight being considered to be within the terms of the bond upon which the action is based.

But we are of the opinion that notwithstanding these cases, plaintiff is without right to maintain this action. It is seeking to compel the defendant surety to pay a claim which it voluntarily gave up to the contractor principal. It had full security in its own hands. It had a lien for the claim and surrendered it to the contractor. In such circumstances, it would be unjust and inequitable to permit it to prevail against its own inequitable conduct. In American Surety Co. v. Lawrenceville Cement Co., 110 Fed. 717, 722, it is said that a carrier has a well recognized lien for freight and he "cannot give up his cargo, and enforce his claim against

a mere surety, after he has so placed himself that the surety cannot be subrogated to the security which the law gave.'' That case excepts from this rule mere drayage to the particular place where the freight is to be used and this met the approval of the Supreme Court of the United States in Title Guaranty & Trust Co. v. Crane, 219 U. S. 1. c. 34, but the rule we have quoted as to surrendering one's lien for the ordinary transportation of freight, remains.

This principle has been frequently stated by our Supreme Court. [Taylor v. Jeter, 23 Mo. 244; Bank v. Kirkpatrick, 204 Mo. 119, 131; Bank v. Bartle, 114 Mo. 276.] In Troll v. Real Estate Co., 186 Mo. App. 196, 203-205, the St. Louis Court of Appeals, through Judge REYNOLDS, discuss this rule and quote the following from 1 Brandt on Suretyship, sec. 480: ''If the creditor has a surety for the debt, and also has a lien on property of the principal for the security of the same debt, and he relinquishes such lien, or by his act such lien is rendered unavailable for the payment of the debt, the surety is, to the extent of the value of the lien thus lost, discharged from liability. . . . Upon obtaining such a lien the creditor becomes a trustee for all parties concerned, and is bound to apply the property to the purposes of the trust. . . . The surety is entitled, upon paying the debt, to subrogation to all the securities which the creditor may have at any time acquired for the payment thereof, and it results as a corollary from this proposition, that if this right is rendered unavailing by the act of the creditor, the surety is discharged to the extent that he is injured.''

If plaintiff had not surrendered the material transported, it would not have lost its carrier's lien and defendant upon paying the charges for such transportation could have had the benefit of subrogation, but that right has been taken from defendant by plaintiff and we think it has no ground upon which to maintain the case. The learned trial Judge took the proper view and the judgment will be affirmed. All concur.

## On Motion For Rehearing.

ELLISON, P. J.—Plaintiff has asked a rehearing in this case principally on the ground that our decision is contrary to Rosencranz v. Swafford Bros., 175 Mo. 518, 533, where the Supreme Court decided that a carrier's lien for freight is not assignable. We do not see how that has any application to the case before us.

The principle governing subrogation is equity while that governing assignment is law. The office and definition of equity is the correction of that wherein the law by reason of its universality is deficient. "Assignment stands on contract," altogether different from equity. "The right of subrogation is an equity that arises out of a condition and does not depend on contract." [Lowenstien v. Insurance Co., 227 Mo. 100, 116, 117.] The condition here is that plaintiff, being fully protected by the security of his lien, voluntarily gave it up and thereby prevented the surety from calling upon equity for aid by way of subrogation. We think plaintiff's criticism of Judge Putnam's view as stated in American Surety Co. v. Lawrenceville Cement Co., 110 Fed. 717, 722, is not sound.

But aside from the right of subrogation, we have but to return to the rule stated in the foregoing opinion which is closely related to subrogation, in principle, viz., that when one voluntarily surrenders a protection or security for his debt, he ought not to be allowed the unfairness of making it up from a surety who is only secondarily liable.

The motion should be overruled.