Argued March 18, affirmed April 13, 1920.

## PORTLAND v. NEW ENGLAND CASUALTY CO.

(189 Pac. 211.)

**Municipal Corporations—Food for Horses Working on Project "Material" Furnished Subcontractor.**

1. Food for horses used in the improvement of a street is "material" within the meaning of a bond executed under Section 6266, L. O. L., and Portland City Charter, Section 162, for the protection of subcontractor's materialmen and laborers.

**Pleading—Imperfect Statement Cured by a Verdict.**

2. Where the sufficiency of a complaint is not questioned by demurrer, a verdict will cure formal defects, such as an improper statement, or the omission of formal allegations, and establishes every reasonable inference that can be drawn from the facts stated.

Municipal Corporations—Complaint on Contractor's Bond for Materials Furnished Sufficiently Showed That Subcontractor Entered upon Work.

3. In an action on the bond of a municipal contractor to recover for feed furnished a subcontractor, complaint *held* to sufficiently aver that the subcontractor entered upon the performance of the work under his contract.

Municipal Corporations—Furnisher of Horse Feed to Subcontractor Need not Show That All Horses Worked on Project.

4. A furnisher of horse feed to a subcontractor should not be required to watch and see that every bit of the feed supplied by him was fed to horses on the job; and, if some of the feed was used elsewhere, it rests with the bondsman of a municipal contractor to show that fact.

Municipal Corporations—Whether Horse Feed Furnished was Used in the Work Held for Jury.

5. In an action on the bond of a municipal contractor to recover for horse feed furnished a subcontractor, whether the feed was in fact used by the subcontractor to feed horses used on the work *held* for the jury.

From Multnomah: HENRY E. McGINN, Judge.

Department 1.

This is an action to recover upon a bond furnished to the City of Portland by a contractor, under a contract for the improvement of Nehalem Avenue, said bond being executed under the requirements of Section 6266, L. O. L., and Section 162 of the charter of the City of Portland, for the protection of subcontractors, materialmen and laborers employed under such contract.   The beneficiary plaintiff is J. W. Hansen, whose claim is for hay and grain which he alleges were furnished to a subcontractor to feed the horses used in performing the work under the contract.

The defendants New England Casualty Company and Oregon Independent Paving Company filed a joint answer, wherein they admit the execution of the contract between the latter and the city, the execution of the subcontract with defendant Tomlinson for the grading of Nehalem Avenue, and the execution of the

96 Or.—4

bond upon which the action is based. The remaining allegations of the complaint are denied. A trial was had, which resulted in a verdict and judgment for plaintiff, and defendants appeal.     AFFIRMED.

For appellants there was a brief over the names of *Mr. Jay Bowerman, Mr. W. B. Gleason* and *Messrs. Carey & Kerr,* with an oral argument by *Mr. Bowerman.*

For respondent there was a brief and an oral argument by *Mr. William P. Lord.*

BENSON, J.—The defendants base their right to a reversal of the judgment upon two propositions: First, that the complaint does not state facts sufficient to constitute a cause of action; and, second, that the trial court erred in denying their motion for a judgment of nonsuit.

1. The sufficiency of the complaint is challenged upon two grounds. The first is, that food for horses is neither labor nor materials, and that payment therefor is not included in the obligations of the bond. Upon the point thus raised there appears to be a conflict of authority in other jurisdictions, but so far as this court is concerned, the question has been definitely settled, and a conclusion reached which is contrary to defendants' contention, in the case of *Clatsop County* v. *Fidelity & Deposit Co. of Maryland, ante,* p. 2 (189 Pac. 207).

2, 3. Defendants further urge that the complaint is insufficient, in that it is not alleged therein that Tomlinson, the subcontractor, entered upon or did any of the work he contracted to do. In the consideration of this

proposition, we observe that the sufficiency of the complaint was not questioned by demurrer, and that:

"A verdict will cure formal defects in a pleading, such as an imperfect statement, or the omission of formal allegations, and establishes every reasonable inference that can be drawn from the facts stated": *Booth* v. *Moody,* 30 Or. 222 (46 Pac. 884).

Keeping this rule in mind, we turn to the complaint, from which we quote the following allegations:

"That on the thirteenth day of March, 1913, defendant W. L. Tomlinson entered into an agreement and contract with defendant Oregon Independent Paving Company to perform all the labor necessary to complete the grading of Nehalem Avenue from the west line of East 19th Street to the east line of Grand Avenue, City of Portland, Oregon, under resolution number 26165, hereinafter mentioned, and in the performance of said contract said W. L. Tomlinson worked a number of horses in grading Nehalem Avenue hereinafter mentioned.

"That J. W. Hansen, during the course of the improvement of said Nehalem Avenue, and between the thirteenth day of March, 1913, and the twenty-fifth day of July, 1913, furnished and supplied and delivered to said defendant W. L. Tomlinson, a large quantity of grain and feed for the horses working on said improvement, which was used in feeding said horses while working on the improvement of said Nehalem Avenue."

After verdict, we think that these allegations sufficiently aver that Tomlinson entered upon the performance of the work under his contract, and the contention that the complaint is insufficient is not sustained.

4, 5. We turn then to the question of whether or not the motion for a judgment of nonsuit was properly denied. Defendants insist that the testimony nowhere discloses that the horses for which the feed was sup-

plied were employed on the work under the contract
referred to in the complaint.   The evidence relating to
the sale and delivery of the supplies for which a re-
covery is sought was furnished by the plaintiff and by
his son, Arthur Hansen.   The plaintiff himself tes-
tified that the subcontractor, Tomlinson, called at his
place of business, and in arranging to purchase feed
for his horses, told plaintiff that he had a contract with
the defendant Oregon Independent Paving Company
for completing the excavation and grading of Nehalem
Avenue, and showed him the contract.   He also says
that the feed was to be delivered in the neighborhood
of the improvement; that two loads of the materials
were called for by Tomlinson's employees, and that
they were then working on Nehalem Avenue; that on
one occasion he went out to where the improvement
was being carried on, and that the horses were then
engaged on that work.   Arthur Hansen testified that
he delivered all of the supplies in person, except the
two loads that were called for by Tomlinson's men;
that when he took out the first load, he did not know
where the horses were stabled, and as it was late in
the evening when he reached the place where the work
was being carried on, on Nehalem Avenue, he asked
one of the teamsters there, who replied that in about
fifteen minutes they would all be going to the stables,
and so he waited and went with them.   He says that
they had three temporary stables in the vicinity of the
work, "about eight blocks south of Nehalem Avenue."
He also says: "These horses were working there on
the job every time I was out there," and "I was out
there every time a load went out, all but the two loads."
At the time of the trial, the subcontractor, Tomlinson,
had disappeared and could not be found, and his fore-
man had moved to Ohio, and so plaintiff was unable to

secure their testimony. In the foreclosure of a materialman's lien, it has been held that the materialman should not be required to watch the progress of a structure to see that every piece of material supplied by him was used therein, and that, if some of the material has been used elsewhere, it rests with the defendant to show that fact: *Fitch* v. *Howitt*, 32 Or. 396 (52 Pac. 192). We think that a similar course of reasoning may well be applied in a case like the one at bar. We are of the opinion that there was sufficient evidence upon the subject to justify its submission to the jury, and that it was not error to deny the motion for nonsuit. The judgment is therefore affirmed.                                    AFFIRMED.

McBRIDE, C. J., and BURNETT and HARRIS, JJ., concur.