MASSACHUSETTS BONDING & INS. CO. v. STEELE. (No. 261.)

(Court of Civil Appeals of Texas. Waco. Oct. 8, 1925.)

1. Schools and school districts ⊕81(2)—Petition in suit against surety on building contractors' bond for labor performed held insufficient.

Petition, in suit against surety on school building contractors' bond, *held* insufficient as seeking recovery of lump sum for labor performed, without alleging times at which performed, rate per diem, or length of time plaintiff was engaged in performance thereof.

2. Trial ⊕352(4)—Submission of issue whether building superintendent was entitled to stated sum for four or five months' services held not warranted by pleadings in action against contractors' surety.

Where petition, in suit against surety on school building contractors' bond for labor performed, did not allege times at which performed nor length of time plaintiff was engaged in performance thereof, but merely alleged that he was engaged to take charge of work while building was under construction, court erred in submitting issue whether contractors agreed to pay him stated sum for four or five months' services, as plaintiff can recover only on cause of action pleaded.

3. Schools and school districts ⊕81(2)— Contractors, assigning building contract to surety, held not to have "abandoned or quit contract" within statute fixing time for suit by laborers and materialmen.

Contractors, assigning school building contract to their surety, in consideration of latter's completing contract and paying all laborers and materialmen, *held* not to have abandoned or quit contract within Vernon's Sayles' Ann. Civ. St. 1914, art. 6394h, giving laborers and materialmen one year after completion of public building to file suit unless contractor abandoned or quit contract.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Action by L. L. Steele against the Massachusetts Bonding & Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Burgess, Burgess, Sadler, Chrestman & Brundidge, of Dallas, and C. S. Bradley, of Groesbeck, for appellant.

Keys, Mason & Machen, of Mexia, for appellee.

BARCUS, J. [1] On June 5, 1922, Sloan & Spoonts, as building contractors, entered into a written agreement with the trustees of the independent school district of Mexia for the construction of a new school building, and executed a statutory bond as required by article 6394f of the Revised Statutes (Vernon's Sayles' Ann. Civ. St. 1914), with appellant as surety, in the sum of $50,000. Said bond provided, among other things, that the contractors "would promptly pay all persons, firms, and corporations supplying them with labor and material in the prosecution of the work provided for in the contract." Appellee brought this suit against appellant as surety on said bond, and for cause of action, as to his contract and work performed thereunder, alleged:

."Plaintiff shows to the court that he was engaged by the firm of Sloan & Spoonts to take charge of said work while the building was under construction, and as a consideration the firm of Sloan & Spoonts agreed to pay to this plaintiff the sum of $2,500 out of the money to be paid them upon the completion and acceptance of the work. * * * Plaintiff alleges that he did truly perform labor under the terms of his agreement with Sloan & Spoonts, and that the terms of the bond entitled him to look to this defendant for any unpaid part of the money due him arising out of the performance of this labor, which amounts to $2,500."

Plaintiff excepted to appellee's petition—

"because it appears that appellee was suing for a lump sum of $2,500 for labor performed under the terms of his agreement with Sloan & Spoonts, and appellee nowhere alleges * * * the time or times at which same was performed, the rate per diem, or the length of time he was engaged in the performance thereof."

The court overruled said exception, and appellant assigns error. We sustain this assignment. ,

[2] The cause was tried to a jury on special issues, and the court submitted the following issue, which was answered "Yes":

"Did the firm of Sloan & Spoonts, contractors, contract and agree to pay L. L. Steele $2,500 for his services for the term of four or five months in superintending and overlooking the construction of the Mexia high school building?"

Appellant contends said issue was not supported by the pleadings. We sustain this contention. The testimony shows that the work started on the construction of the building about July 1, 1922, and that appellee began his services on October 12, 1922, and quit February 5, 1923, and that the building was not completed until August, 1923. It was further shown that on February 5, 1923, the contractors, Sloan & Spoonts, being unable to complete the building, did, with the consent. of the school trustees, assign their contract

---

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to the bonding company, which, as consideration therefor, agreed to complete the contract as made by Sloan & Spoonts, and agreed to pay for all the labor performed and material used in the construction of said building. Appellee testified that under his contract of employment he was to superintend the construction of the building for not exceeding four or five months; that under no condition was he to work more than five months, and that he was to be paid $2,500 for his four or five months' service. Appellee alleged in his pleadings that he was "engaged to take charge of the work while the building was under construction, and was to be paid $2,500 for his services, and that he performed labor under his contract." Appellant by its special exception asked the court to require appellee to state in his pleading the time or times at which the labor was performed and the length of time he was engaged in the performance thereof, which exception the court overruled. Appellee's contract was not made with appellant. It was only liable by reason of its having executed the bond, and appellee should have been required to plead the exact kind of a contract on which he was basing his claim. If appellee's contract was that he was to superintend the building during its entire construction, then he would not be entitled to the full compensation if he himself voluntarily abandoned the work or refused to comply with his part of the contract. Appellee's allegation that he was engaged to take charge of the work while the building was under construction would be construed, without any further explanation, as contemplating that he was to work during the entire construction of the building, and the court should not have submitted the issue to the jury as to whether he was to receive the full amount of his compensation for four or five months' services rendered. It is well settled that the plaintiff can only recover on the cause of action as pleaded.

[3] Appellant contends that appellee's cause of action is barred, under article 6394h of the Revised Statutes, by the one year statute of limitation. We overrule this assignment. Under said statute, parties who furnish labor or material for the construction of a public building have one year's time after its completion in which to file suit unless the contractor abandoned or quit the contract. Appellant pleaded and contends that under the evidence in this case the contractors both abandoned and quit their contract in February, 1923, and this suit was not filed until May, 1924. Appellee contends that the contractors did not at any time either quit or abandon the contract as is contemplated by said statute. We agree with appellee's contention. The evidence shows that on February 5, 1923, with the consent and agreement of the school trustees, the appellant made a contract with the contractors, Sloan

& Spoonts, by the terms of which, in consideration of appellant completing the contract for the building of the school and paying all the laborers and materialmen for their services and material, the contractors would and did assign and transfer to appellant their contract with the school trustees. This did not amount to either an abandonment or a quitting of the contract as contemplated by the statute.

For the errors herein indicated, the judgment of the trial court is reversed and the cause remanded.