TRIGG et al. v. GRAY.  (No. 7042.)

(Court of Civil Appeals of Texas.   Austin.
Nov. 17, 1926.)

1. Judgment ⚖➝143(2)—To warrant vacation
of default judgment, good defense must be
shown and good excuse for failure to present
it at trial.

To entitle complaining party to vacation of
default judgment, it must appear that he has a
meritorious defense, and that he was prevented
from presenting his defense in time by some
fraud, accident, or mistake unmixed with negli-
gence on his own part.

2. Judgment ⚖➝143(17)—Vacation of default
judgment held warranted, in view of assur-
ances and long pendency of action.

Showing that action on note was pending
for more than seven years, during which time
certain defendants were lulled into a sense of
security by the assurance that judgment against
them was not sought and would not be taken,
held to warrant vacation of so-called default
judgment taken against them after dismissal as
to their codefendants.

3. Judgment ⚖➝159—Uncontradicted facts,
stated in verified motion to set aside default
judgment, should be taken as true.

Where facts stated in verified motion to set
aside default judgment are uncontroverted, they
should be taken as established.

4. Judgment ⚖➝143(17)—Where litigant in-
duces adversary to relax diligence, failure to
present defense cannot be urged as ground for
denying vacation of default judgment.

Whenever a litigant or his attorney, by act
or agreement, causes an adversary to relax dili-
gence, it is the equitable rule that failure to
present a defense cannot be urged as sufficient
reason for denying vacation of default judg-
ment.

Appeal from District Court, Tom Green
County; J. F. Sutton, Judge.

Action by W. A. Gray against W. L. Trigg
and others.   From an order overruling the
motion to vacate and set aside a so-called de-
fault judgment against the named defendant
and another, they appeal.   Judgment re-
versed, and cause remanded.

J. A. Thomas, S. C. Autry, and Glenn R.
Lewis, all of San Angelo, for appellants.

Dibrell & Snodgrass, of Coleman, for appel-
lee.

BAUGH, J.   This is an appeal from the or-
der of the district court overruling a motion
to vacate and set aside judgment in favor of
appellee against appellants, which judgment
recited that it was by default, though the an-
swer of appellants was on file.   The motion
was made within two days after the judg-
ment was entered, and at the same term of
court.

[1] The rule is well settled that, to entitle
the complaining party to vacate such a judg-

ment, it must be made to appear that he has
a meritorious defense, and that he has a good
excuse for not presenting same at the trial.
Or, to state it differently, that he was pre-
vented from presenting his defense in time
by some fraud, accident, or mistake, unmixed
with negligence on his own part.   Lawther
Grain Co. v. Winniford (Tex. Com. App.) 249
S. W. 195; Stoudenmeier v. Bank (Tex. Civ.
App.) 246 S. W. 761; Costley v. Chapman
(Tex. Civ. App.) 262 S. W. 543; Caldwell Oil
Co. v. Hickman (Tex. Civ. App.) 270 S. W.
214; Colorado River Syndicate Subscribers
v. Alexander (Tex. Civ. App.) 288 S. W. 586.

Appellants' motion set up defenses to the
cause of action, was duly verified, was not
contested by appellee, and was supported by
testimony.   We think the motion and proof
in support thereof clearly show a meritorious
defense to the notes sued upon, and shall
therefore confine ourselves to the question of
whether the appellants have excused them-
selves for failure to appear at the trial and
make their defenses.

[2] The record discloses substantially the
following: The original petition, filed Decem-
ber 27, 1917, alleges that in July, 1914, appel-
lants P. W. West and W. L. Trigg purchased
a metal silo from appellee and gave him two
notes in payment therefor, in the sum of $678
each, due on or before April 1, 1915 and 1916,
respectively, and a note for $104.17 for
freight, due on or before May 1, 1915; that
the silo was erected on appellants' land in
Tom Green county; that said land was there-
after sold by appellants to N. B. Birge and
Thos. Forbes, who then secured appellants
West and Trigg against payment of said
notes.   Prayer was for judgment on the notes
and for foreclosure of a materialman's lien
and chattel mortgage lien on the silo.   Birge
and Forbes filed an answer, represented by
nonresident attorneys, and West and Trigg
answered separately from Birge and Forbes,
represented by S. C. Autry, attorney of San
Angelo, Tex.   West and Trigg were served
with citation the latter part of December,
1918, and filed their answer on January 7,
1919.   The next proceeding of record was an
amended petition filed by appellee on June
30, 1925, setting up the same cause of action,
suggesting the death of Birge, and making
his executors and devisee parties to the suit.
These new parties waived service and an-
swered on September 2, 1925.   On October 7,
1925, judgment was entered, dismissing the
suit as to Forbes and the executors of Birge,
and reciting default by West and Trigg.   The
verified motion and the testimony shows that,
when the silo was being erected, appellants
questioned its stability and advised Gray
that they did not think it would stand; that
Gray thereupon assured them that it would
and would hold when filled with feed; that,
upon express assurance from Gray to that ef-

fect, they accepted it and filled it with feed; that, soon after it was filled, it collapsed and ruined several hundred tons of feed, damaging the appellants some $2,500 or $3,000; that, after suit was filed, appellants demanded damages of Gray, who promised and agreed to settle with them and pay for the feed damaged by the defective silo; that appellants threatened to sue Gray unless he settled, but were induced by Gray to "keep the matter out of court," and assured by Gray that he would pay them all the damages sustained; that F. L. Snodgrass, one of the attorneys for Gray, assured appellants' attorney that he need file only a general demurrer and general denial, and that Gray did not intend to take judgment against appellants, but desired to use them as witnesses to fix liability upon and take judgment against the defendants Forbes and Birge; that negotiations for settlement of the case were pending, and the cause remained on the docket for a period of some six or seven years in that condition, the last three or four years of which time appellants had heard nothing from appellee or his attorney about the matter. A few days prior to the date of the judgment, attorneys for Gray, who were nonresidents, and those representing Forbes and the executors of Birge's estate, who were also nonresidents, agreed upon a special setting of the case; but such setting was without the knowledge or consent of either appellants or their attorney. During the pendency of said suit, F. L. Snodgrass, of the firm of Snodgrass, Dibrell & Snodgrass, of Coleman, Tex., who had been in charge of the case, died; and the judgment was taken by Mr. Dibrell of said firm.

Appellants' first proposition is that a default judgment cannot be awarded where the defendants have an answer on file. Such is the holding in Counts v. Southwestern Land Co. (Tex. Civ. App.) 206 S. W. 208. That case recognizes the rule in former cases, holding that such answer must be called to the attention of the court, but holds that a motion to set aside such judgment, presented at the same term of the court, showing that answer was filed in time, is sufficient to call the court's attention to the answer, comply with such rule, and require the court to set aside a default judgment.

[3] But whether the judgment, in the instant case, be treated as a default judgment or not, appellants filed their motion within two days after judgment, and have shown sufficient grounds, in our opinion, to entitle them to have the judgment set aside. The facts stated in the verified motion of appellants, not being controverted, should be taken as established. Counts v. S. W. Land Co., supra. These facts we have sufficiently set out above. Not only does the silo appear to have been worthless, but no effort is shown to have been made by appellee to bring the case to trial for a period of more than seven years.

This might be taken as an indication that he was dubious of the outcome. It was not incumbent upon the appellants, defendants below, to force a trial. Latta v. Wiley (Tex. Civ. App.) 92 S. W. 437; Crosby v. Di Palma (Tex. Civ. App.) 141 S. W. 321. Under the authority of Beaudette v. El Paso (Tex. Civ. App.) 247 S. W. 895, and the cases there reviewed, the trial court could, either upon motion of the appellants, or upon his motion, have dismissed the suit on the ground that appellee had abandoned it.

After appellee, in person and by his attorney, had actively prevented appellants from doing more than file a general denial and general demurrer, had led them to believe that he would not take judgment against them, but expected to take judgment against other defendants represented by other counsel and who had secured appellants against the very debt sued upon, and after the case had remained on the docket for a period of more than seven years without any action thereon, it would, in our opinion, amount to sanctioning a fraud and an approval of bad faith to permit him to come into court, without the knowledge or consent of appellants and, after they had been lulled into a sense of security by appellee's conduct, dismiss his cause as to all other defendants and take a judgment against the appellants.

[4] As stated in Keller v. Young (Tex. Civ. App.) 186 S. W. 405:

"Whenever a litigant or his attorney, by an act or agreement, causes his adversary to relax diligence, which is otherwise required, it is the equitable rule that the failure to present a defense cannot be urged as a sufficient reason for denying the relief" (citing authorities).

See, also, Jones v. Wootton (Tex. Com. App.) 228 S. W. 142, and Marsh v. Tiller (Tex. Civ. App.) 279 S. W. 283, and authorities there cited.

We do not wish to be understood as holding that Mr. Dibrell was guilty of fraud or of misleading the appellants in any manner. On the contrary, the record shows that the representations to appellants and their attorneys were made by appellee in person and by Mr. Snodgrass, now deceased. It does not appear that Mr. Dibrell knew anything about such representations. But this does not affect the rights of appellants. Those who made the representations were fully authorized to make them, they were binding on appellee Gray, and appellants had a right to and did rely upon them. Their rights and diligence are determined thereby, whether Dibrell knew anything about what Snodgrass and Gray had said and done or not. Field & Co. v. Fowler, 62 Tex. 65.

We think the trial court abused his discretion in overruling the motion. The judgment is reversed and the cause remanded.

Reversed and remanded.