# UNITED STATES FIDELITY AND GUARANTY COMPANY *v.* UNITED STATES FOR THE BENEFIT OF BARTLETT.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 50. Argued November 6, 7, 1913.—Decided December 1, 1913.

A bond given pursuant to the act of August 13, 1894, c. 280, 28 Stat. 278, for a contract for building a stone breakwater, under the terms of this contract, covers claims for labor on work at the quarry and for hauling and delivering the stone.

Under the circumstances of this case *held* that the claims of laborers for wages had been properly assigned to the claimant and clothed him with legal right to maintain an action upon the bond given under the act of August 13, 1894.

A claim against the surety on the bond of a government contractor will not be rejected as fraudulently excessive where it is shown that claimant's books have been destroyed but he offers to allow credits properly shown on the contractor's books and the records do not

disclose an attempt to recover more than the amount actually due.

A claimant will not.be charged with laches when the record does not disclose any delay which affected the relations of the parties or such that should relieve a surety from liability on the contractor's bond.

189 Fed. Rep. 339, affirmed.

THE United States, for the benefit of Frank P. Bartlett, brought suit in the Circuit Court of the United States for the Southern District of New York against the plaintiff in error as surety upon a bond given pursuant to the provisions of an act of Congress (August 13, 1894, c. 280, 28 Stat. 278) to the effect that any person or persons contracting with the Government for the prosecution of public work should be required to furnish a bond conditioned that the contractor or contractors would "promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract." Upon trial a verdict was rendered in his favor, and judgment entered accordingly. The Circuit Court of Appeals for the Second Circuit affirmed the judgment (189 Fed. Rep. 339), and this writ of error is brought to review its judgment.

The record shows: The United States Government contracted with one Donovan on February 18, 1903, for the construction of a breakwater off Point Judith, Rhode Island, it being provided in the contract that he should be "responsible for and pay all liabilities incurred in the prosecution of the work for labor and material." Donovan executed a bond containing the obligation required by the act, with the plaintiff in error as surety. Donovan was associated with Hughes Brothers & Bangs and it was agreed that they should perform the contract and that he would turn over the Government's estimates to them, this fact being known to the plaintiff in error.

An arrangement was made between Hughes Brothers &

Bangs and Bartlett that he should engage the labor, open the quarry of the former, located at Sachems Head, Connecticut, about fifty miles from the breakwater, and superintend the furnishing of stone for the construction of the breakwater. Bartlett was also to maintain a commissary at the quarry from which the men might be supplied with provisions and merchandise, an account to be kept of the articles purchased, and, after approval by the men, forwarded to the office of Hughes Brothers & Bangs, who would deduct the amount from the wages of the laborers, this practice being with their consent, and credit Bartlett's account.

The quarry was operated, labor being employed in various ways from clearing the surface preparatory to blasting to loading the stone on scows, and the stone was transported to the breakwater and there deposited according to the direction of a Government inspector. All, save the inspector and a few of the more skilled workmen, were provided for at the commissary, and, under the arrangement described, the amount of their purchases was deducted from their wages by Hughes Brothers & Bangs. Separate account was kept of the men who were actually employed at the breakwater, for the reason that Bartlett had to wait for them to come back to procure their approval of his charges, before he could send in his statement to Hughes Brothers & Bangs.

The contract was completed November 8, 1903, and on December 22, 1903, the last retained percentage of $8,956.44 was paid by the United States. Hughes Brothers & Bangs became insolvent in 1907 or 1908. Suit on the bond was begun June 4, 1909.

*Mr. E. J. Myers,* with whom *Mr. Leonidas Dennis* and *Mr. Gordon S. P. Kleeberg* were on the brief, for plaintiff in error:

Neither the act of Congress nor the terms of the bond

warrant a recovery for preparation for the performance of the contract. *City Trust Co.* v. *United States,* 147 Fed. Rep. 155; *United States* v. *Hyatt,* 92 Fed. Rep. 442; *United States* v. *Morgan,* 111 Fed. Rep. 474; *United States* v. *Kimpland,* 93 Fed. Rep. 403.

Instrumentalities and plant (i. e., cost of) capable of general use by the contractor cannot be recovered in this action.

Transportation and carriage of the material at points distant from the place whereat the work is done is also excluded. *United States* v. *Fidelity & Deposit Co.,* 86 App. Div. (N. Y.) 475; *Kennedy* v. *Commonwealth,* 182 Massachusetts, 480; *Philadelphia* v. *Malone,* 214 Pa. St. 90, 95.

As to the strictness of the rule that mechanics' liens can be sustained only for materials that actually go into the work and labor performed at the place, see *City Trust Co.* v. *United States,* 147 Fed. Rep. 155; *Schaghticoke Powder Co.* v. *Greenwich Ry. Co.,* 183 N. Y. 306; *Troy Public Works Co.* v. *Yonkers,* 207 N. Y. 81; *Haynes* v. *Holland,* 48 S. W. Rep. 400.

No assignment of the wages to be thereafter earned was proven sufficient to sustain a recovery in an action at law, but the transaction at most only constituted an equitable assignment, enforcible only in equity, and cognizable at law only after it had been legally completed or established.

An equitable title is insufficient in the Federal courts to sustain an averment of legal title alleged in an action at law, and required to sustain judgment therein. *Ridings* v. *Johnson,* 128 U. S. 212, 217; *Pacific Mut. Ins. Co.* v. *Webb,* 157 Fed. Rep. 155; *Levi* v. *Mathews,* 145 Fed. Rep. 152.

An assignment at law must be of a perfect and choate cause of action and not predicated upon that which is to be earned *in futuro* and to accrue upon the performance of acts subsequent to the promise to assign. *Matter of Black,* 138 App. Div. (N. Y.) 562.

The transaction constituted, at the most, only an equitable assignment of the laborers' wages which was only capable of being enforced in equity. *Hovey* v. *Elliott*, 118 N. Y. 124; *Union Trust Co.* v. *Bulkeley*, 150 Fed. Rep. 510, 544.

The claim against the surety was a fraud in law because the demand upon the surety was for a willfully exaggerated and unconscionable amount which the creditor knew was not due when he made the demand.

The demand was inextricably confounded with items constituting the largest part thereof, not recoverable under the surety's undertaking. *Title G. & T. Co.* v. *Puget Sound Engine Works*, 163 Fed. Rep. 168, 174; *Title G. & T. Co.* v. *Crane Co.*, 219 U. S. 34; *United States* v. *Ansonia Brass Co.*, 218 U. S. 452, 471; *United States* v. *Fidelity & Deposit Co.*, 86 App. Div. (N. Y.) 475, 479; *Kennedy* v. *Commonwealth*, 182 Massachusetts, 480.

A claim of lien for a willfully exaggerated and unconscionable amount cannot be enforced against the owner even for the actual amount that may be due.

It is a fraud in law and vitiates the entire lien. *Lane* v. *Jones*, 79 Alabama, 156, 163. *Camden Iron Works* v. *Camden*, 60 N. J. Eq. 211, 214; *Uthoff* v. *Gerhard*, 42 Mo. App. 256.

The claim made against the surety is so gross, so exorbitant and so unconscionable as to defeat any and all right of recovery.

Regardless of statute and without the necessity of contractual engagement, the law incorporates good faith in every undertaking and refuses to enforce any liability that violates this principle. *Industrial Trust, Ltd.*, v. *Tod*, 180 N. Y. 215, 225; *Aeschlimann* v. *Presbyterian Hospital*, 165 N. Y. 296, 302.

In this case demand and suit was brought against the surety for three-fold more than the creditor was entitled to without any notice nearly seven years after the occur-

rence. *Equitable Savings Assn.* v. *Hewitt*, 55 Oregon, 329, 338.

Where the items for which a lien can be claimed are inextricably blended and intermingled with items for which no right of lien can be urged, the action cannot be maintained. *United States* v. *Conkling*, 135 Fed. Rep. 508, 512; *Schulenburg* v. *Strimple*, 33 Mo. App. 154.

The creditor was guilty of such gross laches and delay in presenting his claim against the surety that his action, followed as it was by the withdrawal of retained percentages and the insolvency of the principal, bars recovery. *United States F. & G. Co.* v. *United States*, 191 U. S. 416, 426; *United States* v. *American Bonding Co.*, 89 Fed. Rep. 921.

The admissions and declarations of Hughes Brothers & Bangs, who were subcontractors of the principal in the bond, were inadmissible and incompetent as against the surety. 1 Greenleaf Evidence, § 187 (16th ed., note 1); *Hatch* v. *Elkins*, 65 N. Y. 489, 496; *Rae* v. *Beach*, 76 N. Y. 164, 168; *Wheeler* v. *State*, 56 Tennessee, 393; *White* v. *Bank*, 56 Tennessee, 475; *Bocard* v. *State*, 79 Indiana, 270; *Knott* v. *Peterson*, 125 Iowa, 404, 407; *Lee* v. *Brown*, 21 Kansas, 458; *Howe* v. *Farrington*, 16 Hun (N. Y.), 591; *Ayer* v. *Getty*, 46 Hun (N. Y.), 287, 288.

*Mr. Edward W. Norris* and *Mr. Horace L. Cheyney*, with whom *Mr. Henry B. Hammond* was on the brief, for defendant in error.

After making the foregoing statement, MR. JUSTICE DAY delivered the memorandum opinion of the court.

The nature of liability upon bonds given in pursuance of the act of Congress has been the subject of frequent consideration in this court, and the former discussions and conclusions need not be repeated here. *Guaranty Co.* v.

*Pressed Brick Co.,* 191 U. S. 416, 427; *Hill* v. *American Surety Co.,* 200 U. S. 197; *Mankin* v. *Ludowici-Celadon Co.,* 215 U. S. 533.

The first contention of the plaintiff in error is that the work done at the quarry and the hauling and delivering of stone at the breakwater, or, at least, certain parts of such work, are not within the terms of the contract and bond, as work done or material furnished in the prosecution of the work provided for in the contract. This contention was rejected by the court below and we think properly. The object of the contract was to put the stone in place, much of it being merely dropped into the water, with a view to the construction of the breakwater. To accomplish this purpose it was of course necessary to have the material taken from the quarry, using tools and labor for that purpose, and transported to the location of the breakwater and there deposited. This material could not be had immediately at the breakwater, and bids were required to show samples of stone and names and locations of quarries to be used as the source of supply. The work involved in the claim here made was all necessary to the performance of the contract, and in our view comes clearly within the class of labor accounts the satisfaction of which it was the purpose of the act of Congress to secure by a proper bond.

It is next contended that the laborers had not assigned their claims to Bartlett in such way as to give him any more than an equitable right thereto and had not clothed him with the legal right to maintain an action at law upon the bond. But we think that the testimony discloses that so much of the laborers' wages as were necessary to satisfy Bartlett's advances were assigned to him with their consent and deductions to that extent made from such wages with their approval in such wise as to consummate the assignment.

It is next urged that in making the claim for an excessive

amount there was such gross fraud that no recovery can be had in the case. It is sought to bring this contention within that class of cases which have held that mechanics' liens when willfully and intentionally made for an amount in excess of that fairly due cannot be enforced for any sum. We do not think the record displays a case of that character. It appears that some of the books of Bartlett left in a building at the quarry had been destroyed and that efforts were made to obtain the amount of payments from other sources. At the trial it appeared that the credits to be made upon the account were contained upon certain cards which were in the possession of counsel for the plaintiff in error. Upon production at the trial they were admitted and accepted as containing proper credits to be made upon the account, and the judge charged the jury that the credits shown on the cards should be made the basis of calculations by the jury, if they found under the facts shown that any statement of the account was required, and the verdict was rendered accordingly.

As to the contention that the suit of defendant in error, in view of the delay in bringing it and want of previous demand or notice to the surety, shows gross laches, we agree with the Circuit Court of Appeals that the record does not disclose any such laches or change of relation affecting the rights of the surety as would relieve it of liability. Nor do we think there was such confusion of accounts or error in the admission of testimony as to require a reversal.

It therefore follows that the judgment of the Circuit Court of Appeals, affirming the judgment of the Circuit Court, must be

*Affirmed.*