No. 11,230.

STRYKER, ET AL. v. TOLLIVER & KINNEY MERCANTILE CO.

Decided May 4, 1925.  Rehearing denied June 1, 1925.

Action on bond.  Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  BOND—*Contract—Municipal Corporations.*    Under  section  9514, C. L. '21, requiring contractors with cities to give bond to secure

the payment of bills for labor and materials, recovery may be had for hay and auto truck repairs under a bond covering a grading and paving contract, the test being not whether the labor and materials entered into the work, but whether they were necessary for the doing of what the contractor had to do.

2.  MAXIM—*De Minimis Non Curat Lex.* In an action on contractor's bond to secure prompt payment for labor and materials furnished, whether an item of $10 for rent of an auto truck was covered by the bond, not considered; maxim de minimis being applied.

*Error to the District Court of Larimer County, Hon. Francis E. Bouck, Judge.*

Mr. W. E. CLARK, for plaintiffs in error.

Mr. MORTIMER STONE, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error was plaintiff below and had judgment against the plaintiffs in error for breach of a bond in which Stryker was principal and the surety company was surety, given under C. L. 9514, to secure the payment by Stryker of bills for labor and material to be incurred by him in the performance of a contract between him and the city of Fort Collins. The defendants bring error and move for supersedeas.

The judgment was right. The statute is as follows: "That hereafter any person  *  *  *  entering into a contract with any city  *  *  *  shall be required  *  *  * to execute  *  *  *  a penal bond with good and sufficient surety  *  *  *  conditioned that such contractor  *  *  * shall at all times promptly make payments of all amounts lawfully due to all persons supplying or furnishing him  *  *  *  with labor or materials  *  *  *  used or performed in the prosecution of the work provided for in such contract  *  *  *."

The bond in question conformed to these requirements. The contract was for grading, paving, guttering, etc., and the items in action were hay, auto truck repairs, and rent of an auto truck. The question is whether these items are within the terms of the statute and bond.

Plaintiff in error claims that the answer depends on whether the labor or material was put into the work or required by the contract, and that the status of such items under the mechanics lien laws is analogous. The defendant in error claims that the mechanics lien laws are not analogous, that the terms of the statute and bond do not require that the labor or material be incorporated in the work, and that the terms of the contract are not controlling; that the controlling question is whether the work and material was necessary for the doing of what the contractor had to do.

The federal statute on this subject requires a bond as follows: "That such contractor or contractors shall promptly make payment to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract."

It is hard to see any distinction between this and the Colorado statute. The federal courts refuse to construe their law by analogy to the mechanics lien law. *U. S. Fidelity Co. v. Bartlett,* 231 U. S. 237, 34 Sup. Ct. 88, 58 L. Ed. 200; *Title Guar. & Tr. v. Crane Co.,* 219 U. S. 24, 31 Sup. Ct. 140, 55 L. Ed. 72; *Brogan v. Nat'l Surety Co.,* 246 U. S. 257, 38 Sup. Ct. 250, 62 L. Ed. 703, L. R. A. 1918D, 776; *Am. Surety Co. v. Lawrenceville Cement Co.,* 110 Fed. 717, 719, and "to limit the application of the act to labor and materials incorporated into the public work." *Brogan v. Nat'l Surety Co., supra.* This court has construed the United States statute in the same way, citing *Am. Surety Co. v. Lawrenceville Co., supra,* with approval. *McPhee v. United States,* 64 Colo. 421, 174 Pac. 808. This is of great force in the construction of our own statute. True, in that case a reason given for holding that food supplies were within the bond was that the contract required the con-

tractor to feed the government engineers, inspectors, etc., but at the same time it was held that it covered material not specifically called for by the contract, but necessarily incident thereto, including powder, tools and coal, and the case there approved, included horse feed and repairs.

The argument is made that these decisions were because the situation of the work was far from civilization, which made necessary the furnishing by the contractor of things not ordinarily furnished by him. That is true, but it is without consequence with reference to material which he ordinarily does furnish, e. g., hay and repairs. The rent of the auto truck is somewhat more doubtful but the item is but $10 and, with reference to this case we think the maxim *de minimis* applies.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.