## HOLLOWAY & DUPONT DREDGING CO., Inc., et al. v. DES ROCHER & WATKINS TOWING CO. et al.
### No. 6507.

Circuit Court of Appeals, Fifth Circuit.

April 7, 1932.

James A. Dixon and R. E. Kunkel, both of Miami, Fla., for appellants.

W. I. Evans and M. L. Mershon, both of Miami, Fla., and John B. L'Engle, of Jacksonville, Fla., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

The Holloway & Dupont Dredging Company, Inc., was awarded a contract by the United States for dredging in the Oklawaka River canal above Moss Bluff, Fla., and gave bond to guarantee the faithful performance of the contract and the payment of all persons supplying it with labor and materials in the prosecution of the work, with the Indemnity Insurance Company of North America as surety, under the provisions of the Act of February 24, 1905, as amended (40 USCA § 270). The work was completed, and, within the limitation allowed, Des Rocher and Watkins Towing Company brought suit under the provisions of the statute to recover $4,425 for the rental of a dredge, houseboat, launch, and other equipment leased to the contractor for the purpose of doing the work. J. E. Iwanowski intervened to recover $588.31 for the rental of a lighter also used in doing the work under contract. Verdicts were directed and judgments entered in the amounts above set out. This appeal followed.

It is not questioned that the equipment of both appellees was rented to the contractor and used by it in actually doing the work of dredging; and that the amount of the judgments awarded were correct; but it is contended that, as they were not subcontractors, and furnished no labor for the operation of the equipment rented, appellees did not supply the contractor with labor and materials in the prosecution of the work within the contemplation of the statute.

Of course, recovery in each case depends upon the particular facts shown. It is certain that the work could not have been successfully prosecuted without the use of the equipment. It was rented for that specific purpose and not for use generally or on other work as well. The ruling of the District Court was right. United States Fidelity & Guaranty Co. v. U. S. for Benefit of Bartlett, 231 U. S. 237, 34 S. Ct. 88, 58 L. Ed. 200; Illinois Surety Co. v. John Davis Co. et al., 244 U. S. 376, 37 S. Ct. 614, 61 L. Ed. 1206; Brogan v. National Surety Co., 246 U. S. 257, 38 S. Ct. 250, 62 L. Ed. 703, L. R. A. 1918D, 776; Utah Const. Co. et al. v. U. S. (C. C. A.) 15 F.(2d) 21; City of Stuart v. American Surety Co. (C. C. A.) 38 F.(2d) 193.

Affirmed.