### L. P. FRIESTEDT CO. et al. v. U. S. FIRE-PROOFING CO. et al.

#### No. 2355.

Circuit Court of Appeals, Tenth Circuit.

Jan. 14, 1942.

Rehearing Denied March 23, 1942.

Lowell White, of Denver, Colo. (J. K. Jepson, of Denver, Colo., on the brief), for appellants.

L. Ward Bannister, of Denver, Colo. (Bannister & Bannister, of Denver, Colo., on the brief), for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The United States brought this action on behalf of the Farney Electric Company[1] against the U. S. Fireproofing Company[2] and the Fidelity and Deposit Company of Maryland.[3] The petition set out five separate counts. Only the fourth and fifth causes of action are involved in this appeal. The petition, so far as material herein, in substance alleged that the contractor entered into a contract with the United States

---

[1] Herein called plaintiff.
[2] Herein called the contractor.
[3] Herein called the surety.

to furnish the labor and material to erect an addition to the United States Customs House in Denver, Colorado; that plaintiff entered into a sub-contract with the contractor, agreeing to furnish the labor and material to complete the conduit and wiring for the addition for a consideration of $17,200; that it was agreed that said work could be done in 150 days; that because of delay caused by the contractor in completing preliminary work necessary to be done first, plaintiff was delayed in its work; that by reason of such delays plaintiff was prevented from completing the work within the 150 days; that by reason thereof it incurred additional expense for labor and material in the sum of $5,238.55; and that by reason of such undue delay plaintiff was compelled to pay out additional sums for office expense, telephone and telegraph expense, traveling, hotel and executive expense, in maintaining an organization for supervision during the time it was delayed in its work. Plaintiff seeks recovery of these sums from the surety on its performance bond.

L. P. Friestedt Company[4] filed an intervening petition in which it alleged that it entered into a sub-contract with the contractor by which it agreed to furnish labor and materials for the erection of the structural steel necessary for the construction of the addition, for which it was to receive $15.50 per ton of steel erected. It alleged the same delay on the part of the contractor charged by plaintiff; that as a result thereof it was compelled to hoist all the steel by hand and was also required to rent additional equipment; that as a result thereof it was damaged to the extent of $6,732.-49, for which it prayed judgment against the contractor as principal and the surety on its performance bond. The trial court sustained a motion to dismiss the intervening petition and the fourth and fifth causes of action of the petition. The parties have appealed.

The bond sued on was given pursuant to the provisions of Title 40 U.S.C.A. § 270, commonly known as the Heard Act. The Act provides: "Any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work, or for repairs upon any public building or public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract; * * *."

The Act is to be liberally construed for the protection of those furnishing labor or materials in the prosecution of the work. United States, for Use of Hill, v. American Surety Co., 200 U.S. 197, 26 S.Ct. 168, 50 L.Ed. 437; Brogan v. National Surety Co., 246 U.S. 257, 38 S.Ct. 250, 62 L.Ed. 703, L.R.A.1918D, 776; Standard Accident Ins. Co. v. United States, 302 U.S. 442, 58 S.Ct. 314, 82 L.Ed. 350.

Stripped of all technicality, plaintiff and intervenor seek to recover damages claimed to have been incurred because of the breach by the contractor of an implied covenant in the sub-contract against unreasonable delays preventing the subcontractors from proceeding with their work. The parties recognize this, because in the only point relied upon in their designation of points, it is asserted that: "* * * a subcontractor can recover his damages consisting of expenses made necessary by the delay of the principal contractor in a proceeding to recover on the bond under the Heard Act, 40 U.S. Code, Sec. 270." They cite numerous authorities to sustain their position that every contract contains an implied warranty against unnecessary delays and that recovery may be had for loss resulting from a breach thereof. These decisions are beside the point, because they arose in actions against the contractor for damages and not against the surety on a Heard Act bond.

The bond on which the action is based is not set out in the abstract, but we may assume that it is in due form and conforms to the requirements of the Act. The Act obligates the surety company to see that the contractor "shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract." It requires payment not only of work and materials specifically mentioned in the contract, but also those items which the parties necessarily and reasonably contemplated as being required for the performance of the contract. It has been held

---

[4] Herein called intervenor.

that where the work was so remotely located that the contractor had to board his employees, groceries furnished the contractor and consumed by his workers were within the contemplation of the parties as materials necessarily furnished under the contract. Brogan v. National Surety Co., 246 U.S. 257, 38 S.Ct. 250, 62 L.Ed. 703, L.R.A.1918D, 776. In Title Guaranty & Trust Co. v. Crane Co., 219 U.S. 24, 31 S.Ct. 140, 55 L.Ed. 72, recovery was allowed not only for cartage and towage of materials, but also for drawings and patterns used by the contractor in making molds for casings which entered into the construction of the ship. In United States Fidelity & Guaranty Co. v. United States, for Benefit of Bartlett, 231 U.S. 237, 34 S.Ct. 88, 58 L.Ed. 200, where the work contracted for was building a breakwater, recovery was allowed for all labor at a quarry operated fifty miles away. This included the labor not only of the men who stripped the earth to get at the stone and who removed the debris, but carpenters and blacksmiths who repaired the cars in which the stones were carried to the quarry dock for shipment, and to repair the tracks upon which the cars moved. The claims allowed also included the wages of stablemen who fed and drove the horses which moved the cars on these tracks. In Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206, recovery was allowed not only for the rental of cars, track and other equipment used by the contractors in facilitating the work, but also the expense of loading this equipment and freight in order to transport it to the place where it was used. In each of these cases the Act was liberally construed to protect those furnishing labor and material that went into the construction covered by the contract. It is to be noted, however, that in every instance recovery was allowed on the bond because the outlays for which recovery was sought were necessary for the performance of the contract and were within the contemplation of the parties to the contract.

Here the contract required plaintiff and intervenor to furnish labor and material and perfect certain constructions. They performed their part of the agreement and received their agreed compensation provided for in the contract. There is here no claim that they furnished any extras necessary for the completion of the contract and therefore contemplated by the parties and implied in the contract. The claim for which the parties seek recovery here did not arise under the contract, but outside of the contract. What was done was not required by any of the terms of the contract but became necessary because of an alleged breach of the contract because a contractor violated one of the terms of the contract; in other words, committed a wrong against the parties resulting in loss or damage to them.

We know of no case that has gone so far as to hold that one may recover damages for breach of a contract on a bond required under the Heard Act. The only case deciding this precise question has held to the contrary. See United States v. Seaboard Surety Co., D.C.Mont., 26 F.Supp. 681. We fail to discern anything in the Heard Act evidencing a Congressional intent to protect one under the bond required by the Act against damages resulting from breach of contract. Had such been the Congressional intent, it no doubt would have been evidenced by appropriate language.

Affirmed.