## UNITED STATES v. SWEDLOW ENGINEERING CO., Inc., et al.

### No. 12126.

United States District Court
S. D. California, Central Division.

Oct. 24, 1951.

Ernest A. Tolin, U. S. Atty., E. H. Mitchell, Edward R. McHale, Asst. U. S. Attys., Eugene Harpole, Frank W. Mahoney, Sp. Attys., Bureau of Internal Revenue, Los Angeles, Cal., for the plaintiff.

Anderson, McPharlin & Conners, Los Angeles, Cal., for the defendants.

YANKWICH, Chief Judge.

The Government seeks to recover under the "special trust fund" provision, Internal Revenue Code, Sec. 3661, 26 U.S.C.A. § 3661, withholding taxes assessed against the wages of employees, Internal Revenue

Code, Sec. 1623, 26 U.S.C.A. § 1623, taxes upon the income of employees, Internal Revenue Code, Sec. 1622, 26 U.S.C.A. § 1622, taxes assessed under the Federal Insurance Contributions Act, Internal Revenue Code, Secs. 1400–1401, 26 U.S.C.A. §§ 1400–1401, and the Federal Unemployment Tax, Internal Revenue Code, Sec. 1600, 26 U.S.C.A. § 1600. The contractor did not withhold any of the taxes for three quarter year periods in 1948 and one quarter year period in 1949. The total asked is $7,995.12.

The facts are not in dispute.

The problem before the Court is whether the Bonding Company, which executed a bond for labor and materials on a contract for public work, as required by the law of California, California Government Code, Secs. 4200–4208, is liable.

And the most serious question relating to this liability is whether the six-months limitation after "termination" of work imposed by California law applies. California Government Code, Sec. 4206. As the time is computed with reference to Section 1184c of the California Code of Civil Procedure providing for the filing of claims within a certain time after "acceptance", it is contended that the limitation period began to run on July 24, 1949. As the action was not filed until August 21, 1950, it is asserted that, although statutes of limitation do not bind the Government, the statute being one of "creation", the right to bring the action ceased to exist in favor of anyone claiming under the bond. See the writer's opinion in Adams v. Albany, D.C.Cal. 1948, 80 F.Supp. 876; United States ex rel. Texas Portland Cement Co. v. McCord, 1914, 233 U.S. 157, 34 S.Ct. 550, 58 L.Ed. 893; United States v. Smelser, 5 Cir., 1937, 87 F.2d 799.

■ A study of the problem leads me to the conclusion that, under the stipulated facts, the restrictions of Section 4206 of the California Government Code do not apply and that the only applicable limitation is the five-year period contained in Section 3312 of the Internal Revenue Code, 26 U.S.C.A. § 3312. The stipulation set forth that on August 13, 1948, the contractor ran out of money and made a request in writing of the bonding company to furnish the funds with which to meet the payrolls. Thereafter, a system was adopted whereby the bonding company, over a period of months, gave to the bank, on each pay day, a draft to cover the payroll, including the portions supposed to be withheld, with instructions that the funds were to be used to cover the payroll checks of the contractor which were attached to the draft.

■ I am of the view that, under this arrangement, the bonding company had "control of the payment of the wages". Internal Revenue Code, Sec. 1621(d)(1), 26 U.S.C.A. § 1621(d)(1). And see, United States v. Fogarty, 8 Cir., 1947, 164 F.2d 26, 174 A.L.R. 1284; United States ex rel. Ivy v. Blair, 1945, D.C.Tex., 34 A.F.T.R. 1651, 1655, 1657. The Fogarty case is especially persuasive because the question before the court related to the liability of the trustee in bankruptcy for wages earned by the bankrupt's employees prior to the bankruptcy. The Court of Appeals held that the trustee was liable, because *he had control over the payment of wages past due,* and was "the employer".

More recently, the Court of Appeals for the Sixth Circuit adopted this ruling and reversed the trial court which had sustained the Referee's refusal to follow it. United States v. Curtis, 6 Cir., 1949, 178 F.2d 268. Here, too, the question related to "the duty and liability of the trustee in bankruptcy to withhold the specified income taxes upon claims for wages *earned prior to the bankruptcy.*" 178 F.2d at page 269. (Emphasis added)

The reasoning of these cases, grounded on the "trust fund theory", 26 U.S.C.A. § 3661, finds support in Security First National Bank v. United States, 9 Cir., 1946, 153 F.2d 563. While this case related to income taxes to be paid by the trustee while conducting the bankrupt's business, the Court sustained the "trust fund" created by agreement of the parties.

Here the "trust fund" is created by statute. 26 U.S.C.A. § 3661. The bonding company paid the wages as they became due. Without the periodical drafts to cover

them, they could not have been paid. In the circumstances, the bonding company was "the employer". And the obligation to pay *does not* arise under the bond. It arises under the statutes of the United States referred to. And the bond is merely the source under which the bonding company was substituted as the employer for the contractor who was in financial difficulties.

The bond, by its terms, was conditioned on the payment of labor and materials. This includes wages for services. The amounts claimed by the Government are portions of wages which must be withheld, under the Internal Revenue Code. By the bond, the bonding company obligated itself to pay the entire wage of each employee, including the portion earned by the employee which the employer was required to withhold.

The contractor has defaulted. This is an admission (a) that the wages are due, and (b) that the amounts claimed by the Government have not been withheld. The bonding company, by taking control of the payment of wages through the method described, became obligated under Section 1621(d)(1) of the Internal Revenue Code, to pay all the wages, including the portions to be withheld. Their failure to do so establishes their liability, not under the bond, but under the Internal Revenue statutes. The bond is merely the contract between the contractor and the bonding company under which they substituted themselves as "the employer". And the present action is not upon the bond, but upon the obligations arising under Federal law from this substitution.

The case of Third National Bank of Miami v. Detroit Fidelity & Surety Company, 5 Cir., 1933, 65 F.2d 548, has a significant bearing upon the question. There, certain wages claims were assigned to a bank. These covered an amount of wages which could not be paid because the State Highway Department *retained* certain percentage of the payments. But the Court held that the bond covered withheld payments and that the right to recover them was not lost by assignment, saying: "There is no dispute but that the wage claims were originally secured by the bond. If by reason of the percentages retained by the highway department the contractor could not at once pay them, and the wage-earners had waited for the final payment, they would not have forfeited their security. Had they definitely agreed to wait and had taken notes payable at a near definite date, the indulgence would not release the surety on a bond such as this." Third National Bank of Miami v. Detroit Fidelity & Surety Co., supra, 65 F.2d at page 549. See also, Brogan v. National Surety Co., 1918, 246 U.S. 257, 38 S.Ct. 250, 62 L.Ed. 703; United States Fidelity & Guaranty Co. v. United States for Benefit of Bartlett, 1913, 231 U.S. 237, 34 S.Ct. 88, 58 L.Ed. 200; Clifford F. McEvoy Co. v. United States, for Use and Benefit of Calvin Tomkins Co., 1944, 322 U.S. 102, 104, 64 S.Ct. 890, 88 L.Ed. 1163; L. P. Friestedt Co. v. United States Fireproofing Co., 10 Cir., 1942, 125 F.2d 1010; Glassell-Taylor Co. v. Magnolia Petroleum Co., 5 Cir., 1946, 153 F.2d 527; General Casualty Co. v. Second National Bank, 5 Cir., 1950, 178 F.2d 679, 680–681. These cases accord with the interpretation placed by California courts upon the section under which the bond was given. See, Pneucrete Corporation v. United States Fidelity & Guaranty Co., 1935, 7 Cal.App.2d 733, 46 P.2d 1000.

Under the bond, the obligation to pay wages is primary, once the contractor fails to do so. And the duty to pay applies both to the portion that went to the employee and to the portion which "the employer" was required to withhold. The money, in both instances, had been earned by the employee. And the bonding company, by executing the bond, assumed the obligation to pay upon the contractor's default, *all* the wages to be earned in the future. This obligation they later performed by taking and exercising control over the payment of wages. When this happened, the contractor, for whom the employees performed the services, did not have "control of the payment of the wages". That control had passed to the bonding company. With it passed the duty to withhold, imposed by the Internal Revenue statutes. The ob-

ligation which they failed to perform was that prescribed by these statutes. They are the basis of their liability and of the Government's claim. The limitations which apply are only those contained in the Internal Revenue Code. And, concededly, the action is within those limitations.

Judgment will, therefore, be for the plaintiff as prayed for in the complaint, the exact amount to be computed according to Local Rule 7(h). The agreed statement of facts to stand as the Court's findings of fact. Counsel for the Government to prepare only conclusions of law and judgment according to Local Rule 7.