236 F.2d 864
 UNITED STATES of America, for the use of BENKART COMPANY, Inc.,
v.
JOHN A. JOHNSON & SONS, INCORPORATED; American Surety
Company of New York; The Fidelity and Casualty
Company of New York; The Travelers
Indemnity Company, Appellants.
 No. 11873.
 United States Court of Appeals Third Circuit.
 Argued June 22, 1956.
Decided Sept. 6, 1956.
 
 John M. Reed, Pittsburgh, Pa., for appellants.
 Harry R. Levy, Pittsburgh, Pa., for appellee.
 Before BIGGS, Chief Judge, GOODRICH, Circuit Judge, and VAN DUSEN, District Judge.
 BIGGS, Chief Judge.
 The question for our decision arises under the Miller Act, 49 Stat. 793 (1935), as amended, 40 U.S.C.A. §§ 270a -270e (1955), successor to the Heard Act, 28 Stat. 278 (1894). The United States engaged John A. Johnson & Sons, Incorporated, to construct a general medical hospital at Pittsburgh, Pennsylvania. Pursuant to Sec. 1(a)(2) of the Miller Act, 40 U.S.C.A. § 270a(a) (2), Johnson & Sons, Inc., executed a payment bond, with the defendants as sureties. Johnson & Sons, Inc., hired Turpin & Stewart Co. to perform some of the excavation work as a sub-contractor. Benkart Company, Inc. under an oral contract with Turpin & Stewart Co., transported a steam shovel to the site of the work, for which Benkart was paid. Seven months later, again at the request of Turpin & Stewart, Benkart dismantled the shovel, transported it from the work site to a railroad yard, and mounted its parts on freight cars for shipment to another job. Benkart received no payment for the dismantling, transporting and mounting, and now claims under the payment bond executed by Johnson, the prime contractor. The court below found the sureties liable under the bond.
 Although it had no contractual relationship with Johnson, Benkart properly complied with the proviso of Section 2(a) of the Miller Act, 40 U.S.C.A. § 270b(a), with respect to notice of claim and time of suit. See MacEvoy Co. v. United States, 1944, 322 U.S. 102, 106-107, 64 S.Ct. 890, 88 L.Ed. 1163.
 The issue before us is a narrow one. The payment bond was conditioned 'for the protection of all persons supplying labor and material in the prosecution of the work' provided for by the principal contract. See Section 1(a)(2) of the Miller Act, 40 U.S.C.A. § 270a(a)(2). The question for our determination is: Did Benkart, by dismantling, transporting, and mounting the steam shovel parts on the freight car for shipment come within the protection of the bond?
 The sureties naturally seek a narrow construction of the statute. Benkart hopes for a broad one. There is a plethora of law in the lower courts on the construction of both the Heard Act and the Miller Act but the decisions are in a state of confusion. Some courts have taken the position as did the United States District Court for the Southern District of Mississippi in United States v. Hercules Co., 1931, 52 F.2d 451, 453, that only '* * * whatever may fairly be deemed labor or material used exclusively in the prosecution of the work solely under the particular contract * * *' is covered by the bond. Such a construction would prohibit payment to Benkart. But the Supreme Court has held the Heard Act and the Miller Act to be highly remedial in nature. See the MacEvoy decision. In United States Fidelity & Guaranty Co. v. United States for Benefit of Bartlett, 1913, 231 U.S. 237, 34 S.Ct. 88, 58 L.Ed. 200, the construction of a breakwater had been contracted for. The payment bond was held to cover not only the cost of the labor of the men who removed the stone which went into the building of the breakwater but also the cost of the labor of the carpenters and blacksmiths who repaired the cars in which the stone was carried to the quarry dock for shipment to the work site. In Illinois Surety Co. v. John Davis Co., 1917, 244 U.S. 376, 37 S.Ct. 614, 615, 61 L.Ed. 1206 , claims for the rental of cars and the expense of loading equipment and carrying it to and from the site of the work were held to be "labor or materials" within the meaning of a bond. Mr. Justice Brandeis met the contention of the surety company that this was not supplying labor or materials by stating: 'The equipment was used in the prosecution of the work.'
 
 
 1
 In view of these decisions of the Supreme Court there seems little point in laboring the argument. In the instant case had the excavation been made by human hands instead of by the steam shovel there could be no doubt that the transportation of those hands to and from the place of work would be covered by the bond. The analogy is obvious. The decision of the court below is correct.
 
 
 2
 The judgment appealed from will be affirmed.