Dale Edwin SANDERS,
Appellant/Cross–
Appellee,

v.

INTERNATIONAL SOCIETY FOR PERFORMANCE IMPROVEMENT, Appellee/Cross–Appellant.

Nos. 97–CV–740, 97–CV–811.

District of Columbia Court of Appeals.

Argued May 21, 1998.

Decided Nov. 12, 1999.

Patricia Ann Smith, Washington, DC, for appellant/cross-appellee.

Arthur L. Herold, with whom Charles M. Watkins and Frank M. Northam, Washington, DC, were on the brief, for appellee/cross-appellant.

Before WAGNER, Chief Judge, FARRELL, Associate Judge, and KING, Senior Judge.*

* Judge King was an Associate Judge of the court at the time of argument. His status

KING, Senior Judge:

■ These cross-appeals arise from a dispute between International Society for Performance Improvement ("ISPI") and the estate of Dr. Paul W. Tremper ("estate") over the terms of the deceased's employment contract. Dr. Tremper was employed by ISPI as its Executive Director from 1985 until just before his death in August of 1993. We publish this opinion solely to address an issue that is presented to us for the first time: Does the employee's estate, which is not a named beneficiary, have standing to bring an action against the employer under the Employee Retirement Income Security Act ("ERISA")?[1] We conclude that it does.

## I.

Dale E. Sanders, executor of the estate, brought an action against ISPI seeking to recover, among other things, proceeds from a life insurance policy in the amount of $100,000. The estate sued for breach of fiduciary duty under the civil enforcement provisions of ERISA[2] after ISPI refused Dr. Tremper's attempt to convert a life insurance policy (which named ISPI as a beneficiary) into his sole ownership as provided by the employment contract. In a comprehensive written order, the trial judge found for the estate and entered judgment in its favor.[3] In the same order, the trial court denied the estate's request for an award of attorney's fees pursuant to 29 U.S.C. § 1132(g) (1994).

On appeal, the estate claims only that the trial court abused its discretion in denying the request for an award of attorney's fees. ISPI cross-appeals, contending that: (1) the estate lacked standing to bring a common law action on the insurance policy; (2) the estate lacked standing to maintain an action under ERISA; and (3) the trial court erred in ruling that Dr. Tremper had satisfied the conditions precedent set forth in the contract in order to exercise his right to the insurance policy. Because we conclude the trial court neither erred nor abused its discretion in any of its rulings, we affirm.

## II.

This case presents only one substantial issue for our review: Whether an estate, which is not a named beneficiary, has standing to sue an employer under ERISA.[4] The parties agree that under the statute "beneficiaries" and "participants" have standing to sue for benefits under ERISA. 29 U.S.C. § 1132(a)(1)(B). ISPI urges a strict construction of that

changed to Senior Judge on November 23, 1998.

1. 29 U.S.C. §§ 1001–1461 (1994).

2. 29 U.S.C. § 1132 (1994).

3. The estate also sought bonuses, the value of an annuity, cost of living increases, and payment for unused annual leave. The court found for the estate on all of the above, including the life insurance policy, but found for ISPI on a counterclaim for the recovery of five months salary. Because the sums awarded to the estate exceeded the amount awarded to ISPI on the counterclaim, the trial court entered judgment in favor of the estate for the difference.

4. The remaining issues raised can be resolved summarily:

A trial judge has discretion whether to award attorney's fees under ERISA. 29 U.S.C. § 1132(g). Here, the trial judge carefully considered the factors governing that discretion and declined to award fees. *See Eddy v. Colonial Life Ins. Co. (Eddy II)*, 313 U.S.App. D.C. 205, 59 F.3d 201 (1995). We are satisfied there was no abuse of discretion.

ISPI's contention that the estate did not have standing to bring a common law action for damages against ISPI is moot because, as we hold today, the estate had standing to sue under ERISA. It is well established that ERISA preempts common law causes of action that relate to benefit plans. 29 U.S.C. § 1144(a) (1994); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

Finally, we are satisfied the trial court correctly decided that Dr. Tremper satisfied all conditions precedent to obtaining ownership of the life insurance policy. *See Craven v. Elmo*, 442 A.2d 526, 528 (D.C.1982).

provision, contending that because the estate is neither a beneficiary nor a participant it lacks standing.[5] We disagree and conclude that the participant's estate, even if not a beneficiary, has standing to bring this action.

A number of federal courts have allowed an estate to maintain an action under ERISA without actually addressing the standing issue.[6] Moreover, those federal courts that have expressly considered the standing issue where an estate is not the beneficiary have ruled in favor of the estate. *See Shea v. Esensten*, 107 F.3d 625, 628 (8th Cir.), *cert. denied*, 522 U.S. 914, 118 S.Ct. 297, 139 L.Ed.2d 229 (1997) (estate representative has standing to assert deceased's breach of fiduciary duty claim under ERISA); *cf. Yarde v. Pan American Life Ins. Co.*, 67 F.3d 298, 1995 U.S.App. LEXIS 25883 (1995) (treating participant's estate as an assignee to establish standing under derivative standing doctrine); *Psychiatric Inst. of Washington, D.C., Inc. v. Connecticut Gen. Life Ins. Co.*, 780 F.Supp. 24, 29 (D.D.C.1992) (assignee has derivative standing to sue employee's insurer under ERISA).[7] No federal court has held otherwise and ISPI has cited no authority supporting such a narrow construction of ERISA.

■ ERISA, although "comprehensive," *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 361, 100 S.Ct. 1723, 64 L.Ed.2d 354 (1980), does not address the question of an estate's standing where it is not a designated beneficiary. There is no basis for concluding, however, that Congress intended to preclude a participant's estate from bringing an action which the participant could maintain if still alive. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (intent behind ERISA is to safeguard the "interests of employees and . . . to protect contractually defined benefits") (citations omitted). It is now a generally accepted principle that where an action survives the death of a decedent, the personal representative of the estate can ordinarily bring that action on the deceased's behalf. 31 AM. JUR. 2D *Executors and Administrators* § 1242 (1989).[8]

■ Similarly, "a valid assignment confers upon the assignee standing to sue in place of the assignor." *Misic, supra* note 7, 789 F.2d at 1378 (citing *United States Fidelity & Guaranty Co. v. Bartlett*, 231 U.S. 237, 243, 34 S.Ct. 88, 58 L.Ed. 200 (1913)). As one court has opined, "[f]rom

5. The estate, however, would have been a beneficiary had ISPI allowed Dr. Tremper to convert ownership of his life insurance policy.

6. The United States Court of Appeals for the District of Columbia Circuit has twice ruled in favor of a participant's estate without specifically addressing the question of standing. *See Eddy II, supra* note 4 (allowing an estate attorney's fees under ERISA); *Eddy v. Colonial Life Ins. Co.*, 287 U.S.App. D.C. 76, 919 F.2d 747 (1990) (allowing estate medical benefits and insurance proceeds under ERISA). Other courts have permitted awards to estates without addressing standing as well. *See, e.g., Estate of Becker v. Eastman Kodak Co.*, 120 F.3d 5 (2d Cir.1997).

7. The *Psychiatric Institute* case relies, in part, upon a line of federal cases allowing the designation of a health care provider as an assignee. *Psychiatric Institute, supra*, 780 F.Supp. at 29 n. 6. *See Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286, 1289–90 (5th Cir.1988); *Misic v. Building*

*Serv. Employees Health & Welfare Trust*, 789 F.2d 1374, 1377–78 (9th Cir.1986). *But see Northeast Dep't ILGWU Health & Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund*, 764 F.2d 147, 154 n. 6 (3d Cir. 1985) (expressing doubt in dicta that ERISA benefits can be assigned).

8. *See, e.g.*, D.C.Code § 12–101 (1981). Although state laws regarding survival of rights of action are generally pre-empted by ERISA, 29 U.S.C. § 1144(a), we note that there is little likelihood of disparate treatment amongst the states on this issue because of the universally recognized right of the estate to bring most actions that the deceased could have brought if alive. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98–100, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) (Congress' intent behind ERISA's broad pre-emptive scope was in part to prevent conflicting and inconsistent state and local regulation).

Congress' silence ... it follows that assignments of health benefit claims are not barred [by ERISA]." *Washington Hosp. Ctr. Corp. v. Group Hospitalization & Med. Servs., Inc.,* 758 F.Supp. 750, 753 n. 2 (D.D.C.1991). Thus, although ERISA did not expressly provide for assignment of its benefits, the federal courts are virtually unanimous that an assignee has standing to maintain an action.

■ We think it equally clear that Congress did not intend to bar estates from bringing an action that the participant could have brought. Accordingly, we conclude that Dr. Tremper's estate has standing to challenge ISPI's breach of fiduciary duty. To hold otherwise would frustrate ERISA's intent. *See Firestone Tire, supra.*

*Affirmed.*